# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: L.L.

No. 15-0703 (Clay County 14-JA-68)

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother R.L., by counsel Wayne King, appeals the Circuit Court of Clay County's June 17, 2015, order terminating her parental rights to L.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Daniel K. Armstrong, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying petitioner's motion to continue the dispositional hearing until after her release from incarceration; adjudicating petitioner an abusing parent; terminating petitioner's parental rights; and allowing petitioner to be questioned regarding her purchase of drugs.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2014, the DHHR filed an abuse and neglect petition alleging that L.L. had marijuana and morphine in his system at birth, and that L.L. was abused and neglected based upon petitioner's drug use and its effect upon L.L. at birth. The petition also alleged that petitioner had prior substance abuse issues, including criminal charges related to the manufacture of methamphetamine in the state of North Carolina. The circuit court held a preliminary hearing. At the close of the hearing, the circuit court found that imminent danger existed and ordered that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

continued custody of L.L. remain with the DHHR. Petitioner was subsequently incarcerated pursuant to a fugitive from justice warrant from the State of North Carolina.

In January of 2015, the circuit court held an adjudicatory hearing. Petitioner initially offered to stipulate to the allegation that she used marijuana during her pregnancy. However, she refused to admit that she used methamphetamine during her pregnancy despite a hospital-administered positive drug screen. The circuit court refused petitioner's offer of admission and proceeded with the hearing. Ultimately, the circuit court found that petitioner abused and neglected L.L. by her use of marijuana and methamphetamine during her pregnancy. The circuit court also found that petitioner was addicted to a controlled substance and that her addiction affected her ability to provide a safe and suitable home for L.L.

In March of 2015, the circuit court held a dispositional hearing. Prior to the hearing, petitioner refused to submit to a drug screen and evidence was presented that petitioner asked two individuals to provide her with clean urine for the drug screen because she had used methamphetamine. The circuit court continued the dispositional hearing pending the results of a drug screen and her psychological evaluation. The circuit court resumed the dispositional hearing on April 17, 2015. At that hearing, a DHHR worker testified that petitioner attended parenting and life skills classes until she returned to the State of North Carolina to serve a four-to-five month sentence pursuant to a probation revocation in that state. The worker also testified that petitioner participated in outpatient substance abuse treatment only three times and failed to submit to drug screens twice per week as previously ordered. Petitioner's psychological evaluation was also considered by the circuit court. The evaluation concluded that petitioner's prognosis for improved parenting was "extremely guarded to poor." At the conclusion of the hearing, the circuit court found that petitioner failed to prove that she was likely to substantially comply with the terms of an improvement period and that there is no reasonable likelihood that she can correct the issues which led to the abuse and neglect of L.L. in the near future. Based upon these findings, the circuit court terminated petitioner's parental rights by order on January 17, 2015. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review of the record, we find no error in regard to petitioner's assignments of error.

First, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing. While petitioner argues that the continuance should have been granted so that she could have completed her "very short" prison sentence in the State of North Carolina, we do not agree. Regarding petitioner's motion, Rule 5 of the West Virginia Rules of Practice and Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances shall a civil protection proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including but not limited to, criminal proceedings." Further, we have held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the court's exercise of that discretion." Syl. pt. 1, *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986). Therefore the circuit court did not err in denying the continuance and moving forward with petitioner's dispositional hearing.

Next, petitioner assigns error to the circuit court's adjudication of her as an abusing parent.[3] While petitioner claims the DHHR failed to prove abuse or neglect by clear and convincing evidence, the record clearly demonstrates that petitioner used marijuana and methamphetamines during her pregnancy, and that L.L. was born with both marijuana and methamphetamines in his system. Petitioner admitted to using marijuana during her pregnancy. Petitioner's obstetrician testified that he treated her throughout her pregnancy and that she tested positive for both marijuana and methamphetamines while pregnant with L.L. The obstetrician also testified that upon testing positive, petitioner admitted to the prior use of drugs and that she was considered a high-risk pregnancy based upon her drug use. The circuit court determined that petitioner's admitted drug use during her pregnancy, as well as her positive drug screen, established by clear and convincing evidence that she abused L.L. Given the evidence presented before the circuit court, we find no reversible error in its adjudicatory findings.

As to her third assignment of error, petitioner argues that the circuit court erred in terminating her parental rights because she complied with the requests of the circuit court and the DHHR prior to her incarceration in the State of North Carolina. Petitioner contends that her rights were terminated because she was incarcerated and could not appear for the adjudicatory hearing. We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal.

---

[3]Petitioner contends that that her rights were terminated solely because she was incarcerated and could not appear for the adjudicatory hearing. However, West Virginia Code § 49-1-201 defined "abusing parent" as "a parent, guardian or other custodian . . . whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." Because the adjudicatory hearing took place on April 17, 2015, before the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the older versions of those statutes on appeal.

The evidence clearly established that petitioner was addicted to controlled substances and that her addiction threatened L.L.'s the health and welfare. Likewise, petitioner sporadically participated in parenting and life skills classes until she returned to the State of North Carolina to serve a four-to-five month sentence pursuant to a probation revocation in that state. Further, petitioner participated in outpatient substance abuse treatment only three times and failed to submit to drug screens twice per week as previously ordered. Petitioner's psychological evaluation also concluded that petitioner's prognosis for improved parenting was "extremely guarded to poor." Petitioner did not have a job or a permanent home. Finally, petitioner visited L.L. only twice since his birth. Based upon this evidence, the circuit court found that petitioner was unable to comply with services offered to her during the pendency of this case and that she failed to establish a bond with L.L. The circuit court also determined that petitioner failed to make substantial changes to the conditions that led to the abuse and neglect of her child

Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding with regard to petitioner based upon the evidence outlined above. Finally, the circuit court ruled that termination of petitioner's parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-6-5(b)(3), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

Petitioner's final argument is that the circuit court erred in allowing petitioner to be questioned regarding her purchase of drugs. Petitioner contends that she should not have been forced to answer a line of questions regarding who sold her drugs because her testimony will be used in investigations by the State of West Virginia. She also contends that the questions regarding the individuals from whom petitioner purchased drugs was irrelevant because her answers would not lead to any additional "helpful" evidence. However, there is no evidence on the record to demonstrate how answering such questions prejudiced her adjudication or disposition in this proceeding. The circuit court made no such adjudicatory or dispositional findings regarding petitioner's purchase of drugs. Instead, the circuit court based its findings on petitioner's admissions of drug use and her failed drug screens. As such, it is clear petitioner is entitled to no relief on this regard. Therefore, we find no error.

For the foregoing reasons, the circuit court's June 17, 2015, termination order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:


Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II